1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REBECCA HEWLING,

                 Plaintiff,

      v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                 Defendant.

CASE NO. 3:15-cv-05316-RJB

ORDER REVERSING AND
REMANDING DENIAL OF
BENEFITS

       Plaintiff, Rebecca R. Hewling, appeals the denial of Supplemental Security Income

benefits under the Social Security Act. 42 U.S.C. §§405(g); 1383(c). Plaintiff argues that the

Administrative Law Judge (ALJ) erred by failing to give sufficient reasons to reject the opinions

of (1) a treating source, Dr. Kelley Aurand; (2) an examining psychologist, Dr. Donna Johns; and

(3) third party witnesses. Dkt. 11. The Court has considered Plaintiff's motion, the Response

filed by Defendant (Dkt. 12), the administrative record, and the remainder of the file herein.

BACKGROUND

       Plaintiff alleges a disability onset day of March 1, 2003. Tr. 165. Plaintiff filed her

application for SSI benefits on December 22, 2011, a request that was denied upon

reconsideration and again following an administrative hearing on July 12, 2013 and issuance of

ORDER - 1

1  an administrative decision. Tr. 18-34, 101, 113. The Appeals Council denied Plaintiff's request

2  for review of the administrative decision. Tr. 1.

3      Following the five-step process prescribed by 20 C.F.R. §§ 404.1520, 416.920, the ALJ

4  found as follows:

5      Step One: Plaintiff has not engaged in substantial gainful activity since the alleged

6  disability onsent date. Tr. 20.

7      Step Two: Plaintiff has the following severe impairments: somatoform disorder, anxiety

   disorder, attention deficit disorder/attention-deficit hyperactivity disorder, connective tissue

8  disase and neuropathic pain. Tr. 20.

9      Step Three: Plaintiff's impairments or a combination of her impairments do not meet the

10 per se criteria of 20 §§ 416.920(d), 416.925, 416.926.

11     Considering Plaintiff's residual functional capacity ("RFC"), the ALJ found that:

12     "[Plaintiff has] the residual functional capacity to perform light work as defined by 20
       C.F.R. § 416.967(b) [sic] except she can occasionally climb ramps and stairs. She can
13     occasionally climb ladders, ropes, scaffolds, balance, stoop, kneel, crouch, and crawl. She
       should avoid concentrated exposure to flames, odors, dusts, gases, and poor ventilation.
14     She has sufficient concentration, persistence, and pace to understand, remember and carry
       out simple instructions for simple routine tasks working at a normal but not fast paced
15     [sic] production rate. She should have rare (10% of time) superficial contact with general
       public, and should have only occasional, superficial contact with coworkers in a small
16     group setting (10 co-wokers)." Tr. 22, 23.

17     At Step Four, the ALJ determined that Plaintiff could not perform any past relevant work.

18 Tr. 32.

19     At Step Five, relying on the testimony of a Vocational Expert (VE), the ALJ determined

20 that jobs exist in sufficient numbers in the national economy that Plaintiff is capable of

21 performing, including occupations such as a "silver wrapper," "office helper," and "mail room

22 clerk." Tr. 33. The opinion of the VE was premised on a hypothetical in which a person is

1    limited to light work. Tr. 61. *See* 20 C.F.R. § 416.967. The ALJ also added additional limitations

2    to the hypothetical, such as limited exposure to fumes and minimal contact with the coworkers

3    and the general public Tr. 61. When the ALJ modified the hypothetical to describe a person

4    performing at the sedentary exertional level, rather than light work, the VE concluded that there

5    are no jobs available. Tr. 62, 63.

6        The ALJ gave the opinion of Dr. Kelley Aurand, Plaintiff's treating physician, limited

7    weight because Dr. Aurand's opinion is "not consistent with the record." Tr. 29. Considering Dr.

8    Aurand's August 2010 report, the ALJ stated the basis for discounting her opinion:

9        "[f]or example, Dr. Johns noted the claimant retains sufficient concentration to solve
         puzzles and watch television programs [while] Dr. Aurand found she can walk at least
         200 feet without needing to rest. Furthermore, Dr. Aurand failed to explain why she felt
10       the claimant could perform only sedentary work. She seems to have relied on subjective
         complaints . . . rather than objective findings." Tr. 29.

11   The ALJ similarly gave Dr. Aurand's March 2012 report limited weight because:

12       "it conflicts with the evidence of the record. For example, musculoskeletal range of
         motion was normal in January 2013. Neck of motion was also normal Mood and affect
13       were normal. (Exhibit 15F/3). Dr. Johns noted intact remote, recent, and immediate
         memory. In addition, Dr. Aurand's opinion is not persuasive because she did not explain
14       the basis for her limitations." Tr. 29, 30.

15       The ALJ gave "some weight" to the opinions of examining physician, Dr. Johns,

16   caretaker Andrea Ponce, and Plaintiff's mother, Joyce Hewling. Tr. 29-32. The ALJ gave

17   "limited weight" to the opinion of caretaker Mary Suarez, but gave "significant weight" to the

18   opinion of Dr. Utley. Tr. 28, 29, 31.

                            STANDARD OF RELIEF
19
20       Pursuant to 42 U.S.C. § 405(g), the Court may set aside the denial of Social Security

21   benefits when an ALJ's findings are based on legal error or not supported by substantial

     evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).
22

1 "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant

2 evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v.*

3 *Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

4 The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and

5 resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th

6 Cir. 1995).

7 At the administrative hearing, the Plaintiff bears the burden of proving she is disabled.

8 *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  "Disability" is defined as the "inability to

9 engage in any substantial gainful activity" due to a physical or mental impairment which has

10 lasted, or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C.

11 §§ 423(d)(1)(A), 1382c(3)(A).  A claimant is disabled only if her impairments are of such

12 severity that she is unable to do her previous work, and cannot, considering her age, education,

13 and work experience, engage in any other substantial gainful activity existing in the national

14 economy.  42 U.S.C. §§ 423(d)(2)(A). *See also Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th

15 Cir. 1999). While the Court is required to examine the record as a whole, it may neither reweigh

16 the evidence nor substitute its judgment for that of the ALJ.  *See Thomas v. Barnhart*, 278 F.3d

17 947, 954 (9th Cir. 2002).  However, "[w]here the evidence is susceptible to more than one

18 rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be

upheld." *Id.*

19 DISCUSSION

20 Each issue raised by Plaintiff is addressed in turn.

21 a.        *Treating source: Dr. Kelley Aurand* (Tr. 29, 30, 492-500)

22 According to Plaintiff, the ALJ failed to give sufficient reasons to reject the opinion of

treating physician, Dr. Kelley Aurand. Dkt. 11, at 3-7. *See, e.g.,* Tr. 492-500. Plaintiff's argues

1    that Dr. Aurand's report, in which she concludes that Plaintiff can only perform sedentary work,

2    is uncontradicted and supported by the record. Dkt. 11, at 3-7. In response, Defendant argues that

3    the ALJ properly gave little weight to Dr. Aurand's report, because: the report is premised on

4    Plaintiff's self-reported symptoms, and Plaintiff is less than credible; and the ALJ gave specific

5    and legitimate reasons for rejecting the report, including reliance on two reports, from Dr.

6    Donald Ramsthel (Tr. 325-29) and Dr. Rodney Utley (Tr. 90-92), which were supported by

7    medical testing. Dkt. 12, at 3-5.

8         In general, a treating physician's opinion should be afforded greater weight than other

9    physicians' opinions, because "he [or she] is employed to cure and has a greater opportunity to

10   observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).

11   The opinion of a non-treating physician, "with nothing more," is not itself substantial evidence

12   sufficient to reject the opinion of a treating physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 n. 4;

13   *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995). *C.f., e.g., Magallanes v. Bowen*, 881 F.2d

14   747, 751-55 (9th Cir.1989); *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir.1995); *Morgan v.*

15   *Apfel,* 169 F.3d 595, 602 (9th Cir.1999).

16        On the surface, it could appear that the ALJ  articulated specific and legitimate reasons

17   for rejecting Dr. Aurand's opinion, *see* Tr. 29, but upon close consideration, the reasons given

18   are insufficient. Of particular concern is the ALJ's finding that Plaintiff has the residual

19   functional capacity to perform light work, which contradicts Dr. Aurand's opinion that Plaintiff

20   is capable of only sedentary, not light, work. Tr. 22, 29, 492. The ALJ's finding is of critical

21   importance, given the conclusions of the Vocational Expert, who considered one hypoethetical

22   where a person with Plaintiff's limitations performs light work, concluding that jobs exist, and

1  another hypothetical in which the same person only performs sedentary work, concluding that no

2  jobs exist. *See* Tr. 61-63.

3       The ALJ rejects Dr. Aurand's opinion that Plaintiff could only perform sedentary work

4  because it conflicts with the record. Tr. 29. The ALJ provides an example: "For example,

5  [Plaintiff's] musculoskeletal range of motion was normal in January 2013. Neck range of motion

6  was also normal." Tr. 29, 30.  However, the context for this example is a diagnostic examination

7  in an emergency room, where Plaintiff is diagnosed with acute bronchitis. Tr. 378-81. Next, the

8  ALJ may be correct that Dr. Aurand's reports do not thoroughly "explain the basis" for her

9  opinion, but Dr. Aurand examined Plaintiff on two separate occasions during which she

10  explicitly focused on Plaintiff's ability to work, *see* Tr. 492-500, so the opinion should not be

11  summarily rejected.

       The ALJ also uses Dr. Johns as an example of an opinion that conflicts with Dr. Aurand,

12  but Dr. Johns did not evaluate Plaintiff's physical exertion limitations. Tr. 317-320. And Dr.

13  Ramsthel, whose opinion the ALJ gives "significant weight," concludes that Plaintiff can carry

14  10 to 15 pounds infrequently. Tr. 29, 329. *See* 20 C.F.R. § 416.967(a). Plaintiff argues that the

15  Court should re-weigh the evidence and consider Dr. Utley's opinion, which the ALJ did not

16  directly rely upon to reject Dr. Aurand's opinion, but the Court should not substitute its own

17  judgment or undertake to re-weighing conflicting evidence. *Holohan v. Massanari*, 246 F.3d

18  1195, 1201 (9th Cir. 2001); *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996).

19       The case should be remanded for reconsideration of Dr. Aurand's opinion and of

   Plaintiff's physical exertion limits.

20       b.       *Examining psychologist: Dr. Donna J. Johns* (Tr. 29, 317-320)

21       Plaintiff argues that the ALJ failed to give sufficient reasons to reject the opinion of Dr.

22

ORDER - 6

1  Johns, who performed a consultative psychological examination. Dkt. 11, at 8-10. According to

2  Plaintiff, the ALJ erred by giving only "some weight" to Dr. Johns' opinion when substituting

3  her judgment for that of a medical expert and disregarding other testimony supporting Dr. Johns'

4  opinion. *Id.*

5  The ALJ provided specific and legitimate reasons sufficient to reject Dr. Johns' opinion.

6  The ALJ points to internal inconsistencies of Dr. Johns' report, for example, where Dr. Johns

7  concludes that Plaintiff cannot sustain work-related acitivities due to social anxieties but does

   support this conclusion with her written observations of Plaintiff's daily social interactions. Tr.

8  29. *See* Tr. 319, 320. The ALJ also points to  inconsistencies between Dr. Johns' opinion and

9  other opinions. Tr. 29. For example, Dr. Johns opines that Plaintiff cannot not engage in

10 persistent concentration, which conflicts with other treating providers' observations of Plaintiff's

11 engagement with daily activities. Tr. 273, 347, 354, 380. The rejection of Dr. Johns' opinion by

12 the ALJ is specific, legitimate, and supported by the record. The ALJ's findings as to Dr. Johns

13 should be affirmed.

14 The case should not be remanded for reconsideration of Dr. Johns' opinion.

15       c.       *Third party evidence: Andrea Ponce, Mary Suarez, and Joyce Hewling* (Tr. 31,
                  32, 196-203, 245-247)

16 According to Plaintiff, although the ALJ addressed each one of the third party witnesses

17 individually, the ALJ offered no germane reason to reject them, because their rejection was only

18 based on a misreading of Plaintiff's own statements about her limitations. Dkt. 11, at 10-13.

19 However, the record supports the ALJ's findings as to each third party witness. First, as to

20 caretaker Andrea Ponce, the ALJ gives her written statement "some weight" because "the record

21 does not show . . . that the care Ms. Ponce provides [to cook, clean, and shop] is necessary." Tr.

22 31. The record supports this conclusion. *See, e.g.,* 45, 56, 371, 372, 427-29. The ALJ gives

1   limited weight to Mary Suarez' written statement, because "the record indicates a higher level of

2   functioning than reported by Ms. Suarez," a conclusion supported by the record. *Id.*

3        The ALJ gives "some weight" to evidence from Joyce Hewling, Plaintiff's mother, on the

4   basis that "it is generally consistent with the record" and "shows that despite [Plaintiff's] deficits,

5   [Plaintiff] retains the ability to perform a variety of tasks on a consistent basis." Tr. 31. *See* Tr.

6   197-203. Contrary to Plaintiff's assertion, this is not an express rejection of Ms. Hewling's

7   testimony, but rather is an acknoweldgement of the limitations of Ms. Hewling's testimony,

    which is lay testimony, not medical expert testimony. *See* 20 C.F.R. § 404.1513(d)(3). *C.f.*

8   *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010)("the ALJ may expressly

9   disregard lay testimony if the ALJ 'gives reasons germane to each witness for doing so'"), citing

10  *Lewis v. Apfel*, 236 F.3d 503, 511 (9th 2001). Even if the ALJ's opinion is read as a rejection of

11  Ms. Hewling's testimony, Plaintiff does not articulate any prejudice caused by not more heavily

12  weighing Ms. Hewling's testimony, so any error was harmless. *See* Dkt. 11, at 13.

13       The case should not be remanded for reconsideration of third party testimony.

14       *d. Remedy*.

15       Applying the "credit as true" immediate award of benefits is not appropriate, because

16  there is at least one outstanding issue to be resolved.  *See infra. Smolen v. Chater*, 80 F.3d 1273,

17  1292 (9th Cir. 1996). Instead, the case should be remanded.

                                    * * *

18                                  ORDER

19       Therefore, it is hereby **ORDERED** that the ALJ's final decision denying Plaintiff

20  Rebecca Hewling Supplemental Security Income benefits is **REVERSED AND REMANDED**

21

22

1  for reconsideration of the opinion of Dr. Kelley Aurand and of Plaintiff's physical exertion

2  limits.

3          Dated this 16th day of November, 2015.

4

5

6          ROBERT J. BRYAN
           United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 9